UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LINCOLN LATHAM, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> OFFICER ONEILL, ) <br> ) <br> Defendant. ) | Civil No. 24-cv-11318-ADB |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Plaintiff Lincoln Latham, an inmate in custody at the Old Colony Correctional Center, initiated this action by filing a *pro se* complaint with several motions including a motion for leave to proceed *in forma pauperis*. For the reasons set forth below, the Court denies the motions and dismisses this action.

I. **PRELIMINARY SCREENING**

Because Latham is a prisoner plaintiff, this action is subject to preliminary review pursuant to 28 U.S.C. § 1915A. Section 1915A authorizes federal courts to dismiss a complaint if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) (screening). The Court must liberally construe the complaint because Latham is self-represented. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

Here, Latham's Complaint for a Temporary Restraining Order seeks to have this Court enter an Order that "commands the defendant officer Oneill[,] a legal mail officer in the Old

Colony Correctional Center in [B]ridgewater[,] to stop stealing legal mail addressed to inmate Lincoln Latham at Old Colony Correctional Center." [Dkt. No. 4, ¶ 1]. Latham alleges that "on 5/9/2024 at 3:30 pm on the A-4 unit at Old Colony Correctional Center in Bridgewater, a prison guard named as officer Munise said to [Latham] that the legal mail officer instructed him to announce that all inmate legal mail will be cancelled on second shift." [Id. at ¶ 5]. Latham "explained to Mr. Munise that the data he heard is wrong as it violates common sense in pr[i]son." [Id.]. In addition to his complaint concerning the cancellation of mail delivery to inmates during second shift, Latham states that on 5 occasions in March 2024 "at the 8:30pm legal mail delivery time [the defendant made an] improper remark that he should charge [Latham] a retainer fee for the delivery of legal mail in prisons." [Dkt. No. 1, 2 at ¶ 2]. Latham responded to the defendant and explained "that the only fee a[n] inmate pays for the delivery of legal mail is the fee of paying attention [at certain times for mail call]." [Id.]. Latham seeks "a written court-order acknowledging that Lincoln Latham did WIN the fight in verbal debate against officer Oneill." [Id. at ¶ 3(a)].

Latham's contention that his rights were violated suggests that he seeks to assert a claim under the federal civil rights statute, 42 U.S.C. § 1983 concerning the delivery of his legal mail.[1] A prisoner has a right to receive legal mail, Heimerle v. Attorney General, 753 F.2d 10, 12-13 (2d Cir. 1985), and a prisoner's "right to the free flow of incoming and outgoing mail is protected by the First Amendment." Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003). Courts have afforded greater protection to incoming legal mail than to other types of incoming mail, because such mail may impact "'prisoner's legal rights, the attorney-client privilege, or the right

---

[1] "42 U.S.C. § 1983 ... furnishes a cause of action against any person who, while acting under color of state law, transgresses someone else's constitutional rights." Alfano v. Lynch, 847 F.3d 71, 74 n.1 (1st Cir. 2017) (citing Kalina v. Fletcher, 522 U.S. 118, 123 (1997)).

of access to the courts.'" Donovan v. Magnusson, No. Civ. 04-102-B-W, 2005 WL 757585, at *10 n.17, 2005 WL 757585, at *18 n.17 (D. Me. Mar. 11, 2005) (quoting Sallier v. Brooks, 343 F.3d 868, 874 (6th Cir. 2003)). An "isolated incident of mail tampering is usually insufficient to establish a constitutional violation," Davis, 320 F.3d at 351-352 (citations omitted), and allegations that prison officials have not complied with prison policies in handling an inmate's mail are not enough, without more, to state a claim of a violation of the inmate's federal rights. See Farrar v. Peters, No. 16-35700, 698 F. App'x 395, 395 (9th Cir. 2017) (prison official's failure to follow prison regulations does not constitute a constitutional violation). The inmate must show that prison officials "regularly and unjustifiably interfered with the incoming legal mail." Davis, 320 F.3d at 351. Additionally, to state a claim based on the denial of legal mail, a plaintiff must show an actual injury. Lewis v. Casey, 518 U.S. 343, 353 (1996).

Although Latham seeks to have this Court order the defendant "to stop stealing" his legal mail, [Dkt. No. 4, ¶ 1], there are no allegations that Latham failed to receive legal mail or that his access to the courts was impeded. The crux of Latham's allegations concerns the announcement on May 9, 2024, that legal mail delivery will be cancelled on second shift, [Id. at ¶ 5], and alleged remarks by defendant in March 2024 that Latham should be charged "a retainer fee for the delivery of legal mail in prisons." [Dkt. No. 1, 2 at ¶ 2]. It appears that the alleged remarks were made in conjunction with the delivery of Latham's legal mail "at the 8:30pm legal mail delivery time." [Id.].

Latham does not say what legal mail was allegedly withheld and he has not alleged the requisite actual injury, including by identifying any nonfrivolous legal claims that were blocked

or impeded.[2]  "Nothing in the [complaint] indicates that [Latham's] access to the courts has not been adequate or meaningful." Dupont v. Dubois, 99 F.3d 1128 (1st Cir. 1996).

Accordingly, the Court finds that Latham does not allege sufficient facts to state a claim concerning the treatment of his incoming legal mail that resulted in him being deprived of his mail or his access to the courts being blocked or meaningfully impeded and this action is therefore dismissed without prejudice. See Viera v. Lepkowski, No. 6:17-CV-06844 EAW, 2022 WL 138540, at *6 (W.D.N.Y. Jan. 14, 2022) (dismissing claim for interference with legal mail for failure to identify actual injury, not merely delay in communicating with court, caused by interference with legal mail).

II.     **MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Plaintiff is not entitled to proceed in forma pauperis because he is subject to the "three-strikes" provision at 28 U.S.C. § 1915(g).[3] See e.g. Latham v. Mici, No. 1:23-cv-11897-RGS (D. Mass. Oc. 2, 2023) (finding that Latham has had "three strikes" and is unable to proceed in forma pauperis unless under imminent danger of serious physical injury).

Here, Latham can only proceed in this action without prepayment of the filing fee if he shows that the alleged misconduct as set forth in his complaint places him "under imminent

---

[2] The Court's records indicate that the instant action is one of six actions filed by Latham in 2024.  See Latham v. Officer Wyatt, et al., No. 24-11310-AK (pending); Latham v. Officer Munise, No. 24-11381-PBS (pending); Latham v. Johnson, No. 24-10591-JEK (dismissed Apr. 17, 2024); Latham v. Jobson, No. 24-10554-WGY (dismissed Mar. 11, 2024); and Latham v Hurley, et al., No. 24-10130-PBS (dismissed Apr. 23, 2024).

[3] Pursuant to 28 U.S.C. § 1915(g), a prisoner is not permitted to proceed in forma pauperis:
> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

danger of serious physical injury." 28 U.S.C. § 1915(g).  Here, nothing in the complaint or pleadings suggest that he is in imminent danger of serious physical injury.  The Court <u>DENIES</u> the motion for leave to proceed *in forma pauperis*.

Ordinarily, the Court would afford a *pro se* plaintiff an opportunity to pay the filing fee.  However, the complaint fails to state a claim and the action will be dismissed without prejudice, making the payment of the fee unnecessary.

## III. CONCLUSION

Accordingly, the pending motions are <u>DENIED</u> and this action is <u>DISMISSED WITHOUT PREJUDICE</u> pursuant to 28 U.S.C. §1915A(a).  The Clerk shall enter a separate order of dismissal.

**SO ORDERED.**

July 12, 2024                                               /s/ Allison D. Burroughs
                                                            ALLISON D. BURROUGHS
                                                            U.S. DISTRICT JUDGE